UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                       Plaintiff,

                                        DECISION AND ORDER

                                        13-CR-6027L

           v.

CARL SPENCER,

                       Defendant.
_____

This Court referred all pretrial motions to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). Defendant, Carl Spencer ("Spencer"), is charged in multiple counts relating to illegal reentry into the United States, false statements, and aggravated identity theft.

Spencer duly filed motions to suppress physical evidence and statements made by Spencer when he was arrested on November 9, 2012. Magistrate Judge Feldman held a suppression hearing on the motions and accepted post-hearing briefs from the parties. Thereafter, on April 30, 2014, the Magistrate Judge issued a twenty-four page Report and Recommendation concerning the motions. Magistrate Judge Feldman recommended that the motion to suppress physical evidence be denied but that the motion to suppress statements be granted.

Both Spencer and the Government filed objections to that part of the Report and Recommendation which was adverse. Specifically, the Government objected to the Magistrate Judge's recommendation that statements obtained without benefit of *Miranda* warnings should be

suppressed.  (Dkt. #46).   Spencer objected to that part of the Magistrate Judge's Report and Recommendation recommending denial of the motion to suppress physical evidence (Dkt. #44).

The Court has reviewed the thorough Report and Recommendation of Magistrate Judge Feldman as well as the objections filed by both parties.   In addition, the transcript of the suppression hearing, which was held November 6, 2013, has been prepared for the Court's review relative to the pending matters.

I accept and adopt the Report and Recommendation of Magistrate Judge Feldman. I believe that the Magistrate Judge carefully analyzed the facts which were developed at the suppression hearing and has correctly applied the law to those facts.   I see no reason to reject, modify or reverse the Magistrate Judge's recommendations and, therefore, conclude, as he recommended, that the motion by Spencer to suppress physical evidence is denied and the motion by Spencer to suppress statements is granted.

## SUPPRESSION OF PHYSICAL EVIDENCE

Concerning the motion to suppress physical evidence, Immigration and Customs Enforcement ("ICE") Officer Eric Pecoraro and other officers were attempting to locate and arrest Spencer.  Pecoraro had received a tip that Spencer was living near Hague Street in Rochester, New York.   From Pecoraro's review of Spencer's immigration file, he determined that Spencer was a Jamaican citizen who was illegally present in the United States.   The task then was to identify and find Spencer.   Some two months after the agents had received the tip, they set up surveillance in the Hague Street area.   The surveillance officers had received instructions which

included a description of Spencer, and colored photographs of Spencer were also distributed to the officers.

Magistrate Judge Feldman summarizes accurately the circumstances that occurred on the morning of November 9, 2012, when Spencer was eventually arrested. Agent Pecoraro testified at the hearing that officers on the scene provided a description of a suspect to him which fit the description of Spencer. Pecoraro, therefore, believed he had a reasonable basis to stop the motor vehicle driven by the suspect. When Pecoraro arrived at the scene of the traffic stop initiated by his cohorts, he testified that he recognized Spencer as the illegal alien that was the subject of their investigation.   At that point, Spencer was arrested.

Magistrate Judge Feldman concluded that there was reasonable suspicion to stop the motor vehicle driven by Spencer on November 9, 2012.   This was not a case where the officers were attempting to ascertain whether there was cause to believe that a crime had been committed. Rather, the officers were only focused on whether one of the individuals seen leaving the Hague Street area was the subject of their investigation relating to illegal reentry.   Magistrate Judge Feldman referenced several United States Supreme Court and other federal cases setting forth the appropriate standard for making traffic stops.   Specifically, Magistrate Judge Feldman quoted at length from the very recent United States Supreme Court decision *Navarette v. California,* 134 S. Ct. 1683 (2014).

Based on the facts and relevant legal authority, I believe the officers involved did have a particularized and objective basis that the person they stopped was and had been involved in criminal activity.   In my view, even though the tip was an anonymous one, under the facts and circumstances I believe the officers acted reasonably in making the traffic stop to ascertain

whether the individual was in fact the person whose immigration file and immigration databases reflected that he was an illegal alien. Spencer's presence on Hague Street, together with the description of him from the immigration file, warranted the officers making the brief traffic stop.

Once confronted, Spencer made statements indicating he was "Clyde Crenshaw" and proffered a Georgia driver's license to that effect.  Pecoraro testified, though, that he recognized Spencer from his review of the immigration file and based on that made the arrest.  Based on that arrest, Spencer was searched and certain documents were recovered.

I agree with Magistrate Judge Feldman that the facts developed sufficiently corroborated the anonymous tip and under the totality of the circumstances, there was a reasonable suspicion to make the traffic stop in question.  The test for determining whether a reasonable suspicion exists is not terribly high.  It does not arise to the level of probable cause.  In this case, I believe there were sufficient facts developed to satisfy the reasonable suspicion standard.  The arrest was proper and the items seized incident to it are admissible.

## **POST-ARREST STATEMENTS**

When Spencer was arrested, Officer Pecoraro, without giving the so-called *Miranda* warnings asked Spencer questions about his citizenship and identity.  The Magistrate Judge found that although Spencer was not formally arrested at that point, based on all the circumstances he certainly was not free to go and that a reasonable person in Spencer's situation would have understood that to be the case.  Based on the number of officers involved in the stop, their position

and the other facts set forth at the hearing, it was clear, as the Magistrate Judge found, that for purposes of legal analysis, Spencer was in custody.

The Government seeks to justify the questioning that occurred as routine pedigree inquiries. I disagree. There is a limited exception to the *Miranda* rule for such questioning, especially related to the booking process after arrest. I agree with Magistrate Judge Feldman, though, that the exception to *Miranda* is not applicable to the questions posed by Agent Pecoraro. As Magistrate Judge Feldman pointed out, these were not truly pedigree inquiries. Pecoraro already knew who Spencer was and had already determined that he was an illegal alien. The agent had at his disposal the immigration file which established pedigree information. Rather, here, the questions related directly to the investigation and the crimes involved. Questions about Spencer's citizenship and his identity were highly relevant to the criminal charge and such questioning could be understood by a seasoned officer to elicit incriminating information. Such questioning, which is likely to evoke an incriminating response, constitutes interrogation. *See Rhode Island v. Innis,* 446 U.S. 291, 301 (1980).

## CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Jonathan W. Feldman. I reject and deny the objections to that Report filed both by Spencer and the Government.

Defendant Carl Spencer's motion to suppress physical evidence seized at the time of his arrest is denied.  Defendant Spencer's motion to suppress oral statements that he made after he was formally arrested at the scene on November 9, 2012 is granted.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 30, 2014.